United States District Court
Middle District of Florida
Orange Division

Antoine Johnson                           6:23-cr-139-CEM-LHP

FCC Coleman Low                           Reg.# 83560-510

United States of America    v.    Antoine R. Johnson

This is a 2255 Motion in accordance with title 28 of the United States Code, asking this Court to vacate, set aside, or correct sentence by a person in federal custody. This Court has jurisdiction.

## MOTION

1. (a) Name and location of court that entered the judgement of conviction you are challenging:

United States District Court, Middle District of Florida, Orange Division

(b) Criminal docket or case number: 6:23-cr-139-CEM-LHP

2. (a) Date of the judgement of conviction: August 8, 2024

   (b) Date of sentencing: December 12, 2024

3. Length of sentence: 15 years

4. Nature of crime: Possession of a firearm by a convicted felon Violation of 18 USC section 922(g)(1) and 924(c)

5. What was your plea? Not guilty

6. What kind of trial did you have? Jury

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes

8. Did you appeal from the judgement of conviction? Yes

9. If you did appeal, answer the following:

   (a) Elbert Parr Tuttle Court of Appeals Building, 11th Cir

   (b) Docket or case number: 24-14083-HH

   (c) Result: Affirmed conviction

   (d) Date of result: 1·12·2026

   (e) Citation to the case: N/A

(f) Grounds raised: Whether the trial court erred when it denied a motion to suppress? Whether the trial court erred by denying a Rule 29 Motion for Acquittal and or whether there was insufficient evidence for the jury to sustain the Governments' request for an application for an ACCA enhancement when the Government produced proof of a prior conviction that occurred on October 21, 1998 and the indictment and jury verdict form required proof of a crime for the sale of cocaine committed on or about October 29, 1999.

(g) Did you file a petition for certiorari in the United States Supreme Court? No

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgement of conviction in any court? NO

Ground 1. Predicate offenses do not qualify for ACCA enhancements

United States Sentencing Guidelines 4A1.2(e):

(1). Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also counted is any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period.

(2). Any other prior sentence that was imposed within ten years of commencement of the instant offense is counted.

(3). Any prior sentence not within the time periods specified above is not counted.

On June 21, 2000, Petitioner was incarcerated for one year for the following: sale of cocaine, October 29, 1999 and sale of cocaine February 12, 2000; both cases were imposed on the same day and ran concurrently. U.S.S.G. 4A1.2(b)(1) states: the term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed. Defendant argues that two predicates do not meet the requirements set forth by the sentencing guidelines. Petitioner was only sentenced to one year and to trigger the ACCA enhancements described in section 924(e)(2) of title 18 U.S.C. (A) the offender must serve a term of imprisonment exceeding one year and one month; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense. 21 USC 802. Therefore, the two predicate offenses do not meet the language specified within the law. Mr. Fletcher was ineffective as counsel because he failed to object during trial and on direct appeal that his client did not have the predicate offenses needed to trigger ACCA and without this prejudice, petitioner would have been sentenced to 36 months as stated by the record, Exhibit A (attached).

Therefore, movant asks that the Court grant the following relief:

Petitioner is requesting to be resentenced without the ACCA enhancement, or any other relief to which movant may be entitled.

I certify under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C section 2255 was placed in the prison mailing system on: February 2nd 2026

Executed on 2/2/2026

/s/ _____